# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 19-cr-307-4 |
| | : | |
| MANUEL LOPEZ-AVITIA | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                         **AUGUST 12, 2024**

      In his Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2), Defendant Manuel Lopez-Avitia asks this Court to determine whether he is eligible for a re-calculated Guidelines range and a reduced sentence under Amendment 821 to the U.S. Federal Sentencing Guidelines. ECF No. 593. For the reasons set forth below, Mr. Lopez-Avitia is ineligible for a re-calculation of his Guidelines range, and the Court will deny the Motion.

## I.    BACKGROUND

      On August 7, 2019, the Drug Enforcement Administration arrested Mr. Lopez-Avitia in the Central District of California on a complaint and warrant issued out of the Eastern District of Pennsylvania. PSR ¶ 10. A Mexican national, Mr. Lopez-Avitia was identified through various criminal investigations and drug seizures as the head of a Mexican drug trafficking organization which supplied heroin, fentanyl, and other drugs to customers throughout the United States. *Id.* ¶ 28. Mr. Lopez-Avitia controlled, and frequently stayed in, a drug "stash" house located at 316 Calvert Street in Whitehall, Pennsylvania (the "Stash House"), *id.* ¶¶ 29, 85, which was operated by members of Mr. Lopez-Avitia's organization, *id.* ¶ 118. Members of his organization stored large quantities of drugs at the Stash House and loaded them into vehicles for transportation and delivery to customers. *Id.* ¶¶ 29, 85.

On September 4, 2019, a federal grand jury in the Eastern District of Pennsylvania charged Mr. Lopez-Avitia with conspiracy to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846; one count of possession of 400 grams or more of fentanyl with intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and one count of possession with intent to distribute 400 grams or more of fentanyl and 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B) and 18 U.S.C. § 2. *Id.* ¶¶ 2–3.  On March 16, 2022, Mr. Lopez-Avitia pled guilty to all three counts pursuant to a written plea agreement. *Id.* ¶ 4.

Under the Guidelines, Mr. Lopez-Avitia's total offense level was 41. *Id.* ¶ 127. The base level for the quantity of drugs involved in his offense (27 kilos of fentanyl and 7 kilos of cocaine) was 36.  *Id.* ¶¶ 116–18, 121.  He received multiple enhancements.  *Id.*  He received a 2-level enhancement for making a credible threat to use violence, or directing the use of violence, pursuant to U.S.S.G. § 2D1.1(b)(2), because he threatened to harm a person who stole drugs and cash from him.  *Id.* ¶ 117.  He also received a 2-level enhancement for maintaining a stash house, *id.* ¶ 118 and a 4-level enhancement under U.S.S.G. § 3B1.1(a) because he was an organizer and leader of criminal activity, *id.* ¶ 121.  He received a 3-level reduction for timely acceptance of responsibility. *Id.* ¶¶ 125–26.  He had no other prior convictions, establishing a criminal history score of zero and resulting in a criminal history category of I.  *Id.* ¶¶ 130–31.  Based on his criminal history category and his total offense level of 41 points, his Guidelines imprisonment range was 324 to 405 months. *Id.* ¶ 170.  On August 31, 2022, Mr. Lopez-Avitia was sentenced to a total term of imprisonment of 181 months.  *See* ECF No. 535 ("Sentencing Hearing Transcript") at 6–7, 27.

## II.     LEGAL STANDARD

Amendment 821 of the U.S. Federal Sentencing Guidelines, effective November 1, 2023, includes two major subparts. Part A eliminates "status points" – which are accrued based on criminal history – for defendants with fewer than seven criminal history points and reduces status points for defendants who have accumulated seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). Part B provides for a two-point reduction for defendants who have no prior criminal history and whose instant offense also meets a set of ten further criteria. *See* U.S.S.G. § 4C1.1. The two criteria most relevant to this motion are the requirements that the Defendant "did not use violence or credible threats of violence in connection with the offense" and the Defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See* U.S.S.G. § 4C1.1(a)(3), (10). Starting February 1, 2024, "Amendment 821 applies retroactively." *See id.* § 1B1.10(a)(1), (d); *United States v. Banks*, No. CR 18-579-1, 2024 WL 919835, at *1 (E.D. Pa. Mar. 4, 2024).

Upon an amendment to the Guidelines that would result in a lower sentence for a particular defendant, a defendant can move to reduce the term of imprisonment. *See* 18 U.S.C. § 3582(c)(2). The relevant policy statement dictates that upon amendment of the Guidelines, the Court should calculate the amended range that would have been applicable to the defendant had the amendment been in place at the time of sentencing. U.S.S.G. § 1B1.10(b)(1). Then, the Court can grant a reduction after considering the § 3553(a) factors. 18 U.S.C. § 3582(c). However, the Court may not reduce the term of imprisonment to any amount less than the minimum of the Guidelines range after the recalculation of points. U.S.S.G. § 1B1.10(b)(2)(A).

Mr. Lopez-Avitia brings this motion *pro se*, and "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011).

### III. DISCUSSION

#### A. Mr. Lopez-Avitia's Motion for a Reduction of Sentence

Mr. Lopez-Avitia's *pro se* motion briefly mentions the enactment of Amendment 821 and suggests that he may be eligible for a reduction under the revised version of § 4C1.1. ECF No. 593.

#### B. The Government's Response

The Government asserts that under *Dillon v. United States*, 560 U.S. 817 (2010), the consideration of a reduction in sentence is a "two-step process," and the Court may not consider the § 3553(a) factors unless the Defendant first satisfies the criteria for relief in the revised sentencing provision. ECF No. 598 at 4–5. The Government argues that here, Mr. Lopez-Avitia fails the first step because he does not meet two of the criteria in the revised § 4C1.1. *Id.* at 6. He fails § 4C1.1(a)(3) because he "received an enhancement for making a credible threat to harm a person who stole drugs and money from him," *id.*, and fails § 4C1.1 (a)(10) because he "received a four-level enhancement under § 3B1.1 for his leadership role in the offense," *id.* at 5. Therefore, the Court may not revise Mr. Lopez-Avitia's Guidelines calculation or reduce his sentence under 18 U.S.C. § 3582(c)(2). *Id.* at 6.

### IV. ANALYSIS

The Government is correct that Mr. Lopez-Avitia does not meet either of the contested § 4C1.1 criteria. First, under § 4C1.1(a)(3), the defendant must not have "use[d] violence or credible threats of violence in connection with the offense." Here, Mr. Lopez-Avitia received a 2-level

4

adjustment for his "credible threat to use violence." PSR ¶ 117. Second, § 4C1.1(a)(10) requires that the defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Here, Mr. Lopez-Avitia received a four-level adjustment under § 3B1.1 because he was "an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." *Id.* ¶ 121. More specifically, Mr. Lopez-Avitia was identified through various criminal investigations and drug seizures as the head of a Mexican drug trafficking organization which supplied heroin, fentanyl, and other drugs to customers throughout the United States. *Id.* ¶¶ 28–29. Additionally, Mr. Lopez-Avitia was found to be responsible for managing the Stash House for the purpose of manufacturing or distributing tens of thousands of kilograms of controlled substances. *Id.* ¶ 86. Therefore, Mr. Lopez-Avitia satisfies neither § 4C1.1(a)(3) nor § 4C1.1(a)(10).

Mr. Lopez-Avitia is also ineligible for a reduction under Part A of Amendment 821 because, as a first-time felon, Mr. Lopez-Avitia's Guidelines calculation did not include any status points. Therefore, the revision to the status points scheme does not affect his sentence. *See* U.S.S.G. § 4A1.1.

## V.     CONCLUSION

For the reasons stated above, Mr. Lopez-Avitia's Motion for Reduction in Sentence (ECF No. 593) is denied. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**